IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

DARNAA, LLC,

    Plaintiff,

v.

GOOGLE INC. and YOUTUBE, LLC,

    Defendants.

No. C 15-03221 WHA

**ORDER GRANTING MOTION TO DISMISS**

## INTRODUCTION

In this action claiming breach of the covenant of good faith and fair dealing, defendants move to dismiss the second amended complaint. For the reasons stated below, the motion is **GRANTED**.

## STATEMENT

At all relevant times, defendant YouTube, LLC, a wholly-owned subsidiary of defendant Google Inc., operated an Internet service, also called YouTube, on which users could view and distribute digital videos. YouTube, LLC, required users seeking to distribute videos on the YouTube service to "electronically agree to" a terms of service agreement before posting any videos (Second Amd. Compl. ¶¶ 8, 13–14).

Section 4(H) of the terms of service agreement prohibited the use of automated systems to access the video distribution service (*id.*, Exh. 1 § 4(H)).

Section 10 of the agreement provided a "Limitation of Liability" as follows (*id.* § 10) (emphasis in original):

> IN NO EVENT SHALL YOUTUBE . . . BE LIABLE TO YOU FOR ANY DIRECT, INDIRECT, INCIDENTAL, SPECIAL, PUNITIVE, OR CONSEQUENTIAL DAMAGES WHATSOEVER RESULTING FROM . . . (IV) ANY INTERRUPTION OR CESSATION OF TRANSMISSION TO OR FROM OUR SERVICES . . . [OR] (V) ANY ERRORS OR OMISSIONS IN ANY CONTENT OR FOR ANY LOSS OR DAMAGE OF ANY KIND INCURRED AS A RESULT OF YOUR USE OF ANY CONTENT . . . WHETHER BASED ON WARRANTY, CONTRACT, TORT, OR ANY OTHER LEGAL THEORY . . . .

Section 14 included a choice-of-law provision selecting "the internal substantive laws of the State of California, without respect to its conflict of laws principles." It also provided that any dispute would be "decided exclusively by a court of competent jurisdiction located in Santa Clara County, California" (*id.* § 14).[1]

The final two sentences of Section 14 — which were also the final two sentences of the agreement — appeared in all capital letters, unlike the rest of that section (*ibid.*) (emphasis in original):

> YOU AND YOUTUBE AGREE THAT ANY CAUSE OF ACTION ARISING OUT OF OR RELATED TO THE SERVICES MUST COMMENCE WITHIN ONE (1) YEAR AFTER THE CAUSE OF ACTION ACCRUES. OTHERWISE, SUCH CAUSE OF ACTION IS PERMANENTLY BARRED.

This action concerns defendants' decision to remove our plaintiff's video from the YouTube website. The instant motion concerns: (1) whether this action can be considered timely within the one-year limitations period in Section 14 of the terms of service agreement by applying equitable tolling for the time during which our plaintiff pursued the instant claims in an action that was dismissed pursuant to the forum-selection clause and (2) whether the claims in the operative complaint are barred by limitations-of-liability clause in Section 10 of the terms of service agreement. This order first sets forth the underlying facts of the dispute and the procedural history.

---

[1] This action was originally assigned to Judge Ronald Whyte in the San Jose Division, located in Santa Clara County. Upon Judge Whyte's retirement, an order informed the parties that the action would be "reassigned to a district judge in San Francisco or Oakland without regard to venue provisions" absent joint consent to the jurisdiction of a magistrate judge (Dkt. No. 52). A subsequent order reassigned the action to the undersigned in the San Francisco Division (Dkt. No. 58). At oral argument on this motion, counsel for both sides acquiesced in proceeding before the undersigned.

2

1   Plaintiff Darnaa, LLC, owned and operated an independent music label, which produced
2   and promoted the recordings and performances of its clients pursuant to exclusive contracts in
3   exchange for a share of its clients' revenue. Our plaintiff's namesake, a new and aspiring pop
4   musician whose stage name was Darnaa, became a Darnaa, LLC's client. Darnaa's body of
5   work included various music videos that Darnaa, LLC, made available for view on YouTube's
6   website. This dispute concerns the music video for Darnaa's song titled "Cowgirl," which
7   Darnaa, LLC, posted on the YouTube website on March 4, 2014, as part of an extensive
8   promotional and advertising campaign in advance of the release of recordings of that song for
9   sale in various online digital music stores. Darnaa, LLC, partnered with various third parties,
10  including Clear Channel Communications, which operated an Internet radio platform. The
11  promotional materials all used the specific uniform resource locator ("URL") address assigned
12  to the video on the YouTube service (Second Amd. Compl. ¶¶ 9–10, 27–28).

13  On March 21, 2014, Darnaa, LLC, learned that defendants had removed the "Cowgirl"
14  video from the YouTube service, such that users could no longer view the video. Darnaa, LLC,
15  contacted defendants who stated that the video had been removed due to violations of Section
16  4(H) of the terms of service agreement, which prohibited automated systems to use the
17  YouTube service to artificially inflate video view counts. Darnaa, LLC, explained the nature of
18  its promotional efforts and asked that defendants restore the video to its original URL by the
19  next week (*id.* ¶¶ 30–31).

20  Defendants declined to restore the "Cowgirl" video to the YouTube service with the
21  same URL. On April 7, 2014, Darnaa, LLC, commenced an action against Google in Los
22  Angeles County Superior Court, alleging interference with prospective economic relations, and
23  seeking injunctive relief restoring the video to the YouTube service at the same URL. Darnaa,
24  LLC, sought a temporary restraining order on April 14, which Google opposed. The application
25  for a temporary restraining order was denied on April 18 (*id.* ¶¶ 35–36, Exh. 3).

26  On April 28, defendants restored the video to the YouTube service, but with a different
27  URL. Clear Channel offered to promote the "Cowgirl" video at the new URL at no additional
28  charge, but on April 30, defendants again removed the video (*id.* ¶¶ 32–33).

**United States District Court**
For the Northern District of California

3

In May 2014, Google moved to transfer venue to Santa Clara County Superior Court, seeking to enforce the forum-selection clause in Section 14 of the terms of service agreement. At a hearing on August 28, 2014 at which counsel for both sides appeared, Judge Michael Stern granted the motion. The minute order read as follows, in pertinent part (*id.*, Exh. 4):

> The motion is called and argued.
>
> The motion is granted.
>
> The Court orders this case dismissed without prejudice.
>
> Plaintiff's counsel will re-file this action in Santa Clara County.
>
> . . .
>
> Defendant's counsel to give notice and file the original with the court.

On September 4, 2014, Google served a notice of order as required under California law (*id.*, Exh. 5).

On July 10, 2015, Darnaa, LLC, filed the instant action against Google in federal court in San Jose (in Santa Clara County), where it was assigned to Judge Ronald Whyte. The complaint asserted four claims: (1) breach of the implied covenant of good faith and fair dealing, (2) intentional interference with prospective economic advantage, (3) negligent interference with prospective economic advantage, and (4) defamation and or false representation in violation of the Lanham Act. In September 2015, Google moved to dismiss the action arguing, *inter alia*, that Darnaa, LLC's claims were time-barred by Section 14 of the terms of service agreement.

Judge Whyte granted defendants' motion to dismiss in December 2015 after full briefing and oral argument. Judge Whyte's order first rejected Darnaa, LLC's contention that Section 14 was unconscionable and unenforceable. The order then found that Darnaa, LLC's complaint was untimely under Section 14. (Indeed, Darnaa, LLC, acknowledged the action commenced more than one year after the last wrongful act alleged in the complaint.) At the hearing, Darnaa, LLC, argued for the first time that Section 14 was ambiguous and that the commencement of its state court action was sufficient to satisfy the limitations period under Section 14. Judge Whyte's order rejected both theories. Nevertheless, Judge Whyte gave Darnaa, LLC, leave to

4

amend its complaint to the extent it could plead facts showing the one-year limitations period under Section 14 should be equitably tolled under California law for the period of the state-court action (a theory not advanced by Darnaa, LLC, at that point) (Dkt. No. 26 at 2–8).

Judge Whyte also ruled on the merits of Darnaa, LLC's claims, finding that its claims for breach of the implied covenant of good faith and for tortious interference could survive, if Darnaa, LLC, could escape the time bar. Judge Whyte held Darnaa, LLC,'s defamation and Lanham Act claims were not adequately pled but granted leave to amend those claims (*id.* at 13–18).

Darnaa, LLC, timely amended its complaint. The first amended complaint asserted only two of the four claims from the original complaint:  (1) breach of the implied covenant of good faith and (2) intentional interference with prospective economic advantage. The first amended complaint added YouTube, LLC, as a defendant. (Federal subject-matter jurisdiction remained appropriate because the parties were diverse and the amount-in-controversy exceeded seventy-five thousand dollars.) The two defendants then jointly moved to dismiss the first amended complaint, asserting that Darnaa, LLC, had failed to adequately allege equitable tolling, and even so, that Section 230 of the Communications Decency Act immunized them from both claims.

After full briefing and oral argument, Judge Whyte held that Darnaa, LLC, had failed to plead facts to support equitable tolling. "Despite the fact that the court question[ed] the plaintiff's ability to successfully plead facts justifying equitable tolling," Judge Whyte gave Darnaa, LLC, a second opportunity to replead (Dkt. No. 56-1 at 11).

Judge Whyte also held that the tortious interference claim was barred by publisher immunity under Section 230 and dismissed that claim with prejudice, though he held no such immunity barred the claim for breach of the implied covenant of good faith (*id.* at 11–15).

In November 2016, upon Judge Whyte's retirement, the action was reassigned to the undersigned. Less than two weeks later, Darnaa, LLC, moved for partial reconsideration of Judge Whyte's decisions (both initially and upon a prior request for reconsideration) that Section 14 was enforceable, which would have mooted its need to plead equitable tolling

(Dkt. No. 59). An order denied Darnaa, LLC's request for leave to move for partial reconsideration of the ruling "twice stated by Judge Whyte" (Dkt. No. 60). Shortly thereafter, Darnaa, LLC, filed its second amended complaint as permitted by Judge Whyte's order, asserting a single claim for breach of the covenant of good faith and fair dealing (Dkt. No. 62).[2]

Defendants now move to dismiss Darnaa, LLC's second amended complaint. This order follows full briefing and oral argument.

**ANALYSIS**

Defendants contend that Darnaa, LLC's second amended complaint fails to adequately allege a basis for equitable tolling, such that we can tack the duration of the state-court action onto the one-year limitations period set by Section 14 of the terms of service agreement, to save this action from the time bar. They also contend that Darnaa, LLC's claim for damages is barred by a limitation-of-liability provision in the terms of service agreement. Each issue is addressed in turn.

**1.     EQUITABLE TOLLING.**

All agree that California law applies to the question of equitable tolling in this action, which concerns a state-law claim arising from a contract that designated the application of California law.

California's equitable tolling of a limitations period "is a judicially created, nonstatutory doctrine . . . designed to prevent unjust and technical forfeitures of the right to a trial on the merits when the purpose of the statute of limitation — timely notice to the defendant of the plaintiff's claims — has been satisfied. Where applicable, the doctrine will suspend or extend a statute of limitations as necessary to ensure fundamental practicality and fairness." *McDonald v. Antelope Valley Community College Dist.*, 45 Cal. 4th 88, 99 (2008) (citations and internal quotation marks omitted). Darnaa, LLC, seeks to apply equitable tolling on the basis that

---

[2] Darnaa, LLC, contends that defendants misrepresented the allegations in the second amended complaint in their motion to dismiss. The foregoing statement of facts is derived directly from the second amended complaint, so this order need not resolve the dispute about defendants' summary of the allegations therein.

6

defendants had timely notice of this dispute when it filed the state-court action in April 2014, which action remained pending through August 2014.

A plaintiff seeking to apply equitable tolling for the time it pursued relief in an alternative forum bears the burden of satisfying three elements: (1) timely notice, (2) lack of prejudice to the defendant, and (3) reasonable and good faith conduct on the part of the plaintiff. *Id.* at 102; *United States v. Marolf*, 173 F.3d 1213, 1220 (9th Cir. 1999). All agree for the purpose of this motion that the first two elements are satisfied. The only question is whether Darnaa, LLC, acted reasonably and in good faith in the ten-months between the dismissal of its state-court action and commencing the instant action.

"[P]laintiff's reasonable promptness in refiling is necessary" for relief under equitable tolling. *Kolani v. Gluska*, 64 Cal. App. 4th 402, 410 (1998). In their motion, defendants focus on the ten-month delay between the dismissal of the Los Angeles action and the commencement of the instant action on July 10, 2015. But defendants ignore that even without equitable tolling, Darnaa, LLC, was *entitled* to file this action as late as April 30, 2015 — one year after its final last of its injuries. Thus, in evaluating the equities, Darnaa, LLC's conduct must be weighed against the seventy-one days beyond the expiration of the limitations period and the commencement of this action — not the full ten months between the actions.

When Judge Whyte gave Darnaa, LLC, a third opportunity to plead its case, he outlined the allegations that Darnaa, LLC, offered in its brief in opposition to defendants' prior motion to dismiss (Dkt. No. 56-1 at 10) (citations omitted):

> If granted leave, plaintiff would allege that its legal team reasonably and in good faith worked collectively and individually during the ten months. Specifically, plaintiff would allege that because plaintiff was originally seeking a temporary restraining order and preliminary injunction, the state court complaint had to be filed promptly such that there was little time to research the facts and law in depth. Plaintiff would allege that its counsel did not begin seriously researching the facts and legal theories until after the state court claim was dismissed. Plaintiff would allege that its counsel, Michael Shapiro, working alone, first had to put together a quality team, and that finding the right combination of lawyers took a few months. Plaintiff would then allege that the legal team explored and researched potentially viable claims, before preparing and filing its selected claims in this action. Plaintiff would then allege that these tasks reasonably required 10

7

> months to accomplish. Plaintiff would further allege the absence
> of bad faith on its part.

Judge Whyte noted he was "not persuaded that these allegations support equitable tolling," though he framed his doubts in light of the ten-month delay advanced by defendants now (*id.* at 11).

The instant complaint alleges that the initial complaint was filed "as an urgent legal measure" and that "the request for damages was secondary," so the core of the instant complaint was not fully developed (*id.* ¶ 39). It alleges that after the state court denied Darnaa, LLC's request for injunctive relief in April 2014, Darnaa, LLC, entered "a financial regrouping process" until February 2015, at which point Attorney Michael Shapiro engaged a litigation team (*id.* ¶ 42). It further alleges that counsel conducted legal and factual research by interviewing people in the music industry, which led them to evaluate various legal theories to assert against defendants, including the Lanham Act claim raised in the initial federal complaint (later dismissed by Judge Whyte), and an antitrust claim that Darnaa, LLC, decided not to assert at all (*id.* ¶¶ 43–44).

Finally, although not alleged, this order notes that the bulk of the litigation in Los Angeles was spent litigating Google's motion to transfer pursuant to the forum-selection clause. Yet, when Darnaa, LLC, filed this action in federal court in this district, defendants raised no objection, although several decisions provided some support for the position that the forum-selection clause would have required litigation in state court in Santa Clara. *See PQ Labs, Inc. v. Yang Qi*, No. 12-0450 CW, 2012 WL 2061527, at *1 (N.D. Cal. June 7, 2012) (Judge Claudia Wilken); *Guenther v. Crosscheck Inc.*, No. 09-01106 WHA, 2009 WL 1248107, at *2 (N.D. Cal. Apr. 30, 2009); *Air Ion Devices, Inc. v. Air Ion, Inc.*, No. 02-1717 SI, 2002 WL 1482665 (N.D. Cal. July 5, 2002); *but see Project Dev. Group, Inc. v. Sonoma County Junior College Dist.*, No. 07-02987 WHA, 2007 WL 2518034 (N.D. Cal. Aug. 31, 2007). Furthermore, a recent order herein asked both sides to "state ('yes' or 'no') whether anyone has any objection to proceeding with this case in San Francisco based on the forum-selection clause" (Dkt. No. 77). At oral argument, both sides agreed to the undersigned judge's "jurisdiction."

To be clear, this order takes no position on whether this federal district or this San Francisco division within the larger district is a proper venue under the forum-selection clause; both sides have waived any objection. Nevertheless, defendants' abandonment of rigorous enforcement of the forum-selection clause after forcing Darnaa, LLC, to expend months litigating that very same issue in Los Angeles admits, in the Court's view, of some equity in tolling the limitations period for the duration of that litigation. Particularly in light of that equitable consideration, Darnaa, LLC's efforts to overcome its financial challenges, its exploration of new claims (even if ultimately abandoned or dismissed), and its reformulation of its case to focus on damages — all of which needed to occur in a limitations period that had been reduced by contract to one quarter of the period provided by California law — constituted reasonable and good faith conduct between the dismissal of the first action and the commencement of this action. Thus, this order holds Darnaa, LLC, has adequately pled equitable estoppel, subject to proof.

The timeliness issue is moot, however, inasmuch as Darnaa, LLC's claims fail for a different reason, as now discussed.

### 2. LIMITATION OF LIABILITY.

As stated above, Section 10 of the YouTube terms of service agreement, which agreement is appended to the complaint, provided:

> IN NO EVENT SHALL YOUTUBE . . . BE LIABLE TO YOU FOR ANY DIRECT, INDIRECT, INCIDENTAL, SPECIAL, PUNITIVE, OR CONSEQUENTIAL DAMAGES WHATSOEVER RESULTING FROM . . . (IV) ANY INTERRUPTION OR CESSATION OF TRANSMISSION TO OR FROM OUR SERVICES . . . [OR] (V) ANY ERRORS OR OMISSIONS IN ANY CONTENT OR FOR ANY LOSS OR DAMAGE OF ANY KIND INCURRED AS A RESULT OF YOUR USE OF ANY CONTENT . . . WHETHER BASED ON WARRANTY, CONTRACT, TORT, OR ANY OTHER LEGAL THEORY . . . .

Google contends that Darnaa, LLC's claim for breach of the implied covenant of good faith and fair dealing, which seeks damages as its sole remedy, bars this action inasmuch as it arises from an "interruption or cessation of transmission" of the musician Darnaa's Cowgirl video from YouTube's "services" and an "omission[]" of content (the view count on the video).

9

Perhaps regrettably, limitation-of-liability clauses like Section 10 "have long been recognized valid in California." *Food Safety Net Servs. v. Eco Safe Sys. USA, Inc.*, 209 Cal. App. 4th 1118, 1126 (2012). Such provisions "are particularly important where," as here, "the beneficiary of the clause is involved in a 'high-risk, low-compensation service.'" *Markborough Cal. Inc. v. Super. Ct.*, 227 Cal. App. 3d 705, 714 (1991).[3]

Google raised the limitation of liability in Section 10 as a bar to Darnaa, LLC's contract and tortious interference claims in its first motion to dismiss before Judge Whyte. (YouTube was added as a defendant with the first amended complaint.) Darnaa, LLC, did not dispute then (nor does it now), that its claims fell within the scope of Section 10. Instead, it cited Section 1668 of the California Civil Code, which provides:

> All contracts which have for their object, directly or indirectly, to exempt anyone from responsibility for his own fraud, or willful injury to the person or property of another, or violation of law, whether willful or negligent, are against the policy of the law.

Without citing any allegations in the complaint as support (or any legal authority), Darnaa, LLC, argued that all of its claims, except for its negligent interference claim, constituted "intentional torts" (Dkt. No. 19 at 14). Thus, it argued, the limitation-of-liability clause could not apply to those claims because such application would contravene Section 1668 of the Civil Code.

Before reaching that issue, Judge Whyte held that Darnaa, LLC's claims were untimely. He reached the limitation-of-liability question in considering whether to allow leave to amend. He held that the limitation-of-liability clause precluded Darnaa, LLC's *negligent* interference claim (as Darnaa, LLC, conceded). But he declined to apply the clause to the remaining claims at that stage, finding that Section 1668 "*may* preclude application of" the limitation-of-liability-clause to those claims "because they allege[d] intentional wrongs" (Dkt. No. 27 at 9) (emphasis added). In a footnote, Judge Whyte expressed doubt that Darnaa, LLC's claim for breach of the

---

[3] Darnaa, LLC, contends defendants "indirectly charge" its users by "extracting monetary value" from the videos posted by users without compensating them (Second Amd. Compl. ¶ 20). This allegation does not change the fact that defendants offered the YouTube service without seeking compensation from the people entering the terms of service agreement. In any case, it remains the law that such clauses are valid under California law.

10

implied covenant of good faith — the only claim now in play — could constitute an "intentional tort" as contended by Darnaa, LLC (*id.* at 9 n.1).

Darnaa, LLC, faced a different problem (beyond timeliness) with its first amended complaint. Namely, Section 230(c)(1) of the Communications Decency Act immunized our defendants from tort liability for their actions as the publishers of the Cowgirl video and surrounding content. Thus, Judge Whyte dismissed Darnaa, LLC's tort claims, allowing only its claim for breach of the implied covenant of good faith and fair dealing to survive (if Darnaa, LLC, could plead equitable tolling with a further amendment) (Dkt. No. 56-1 at 14). The limitation-of-liability clause was not addressed at all in the briefing on the second motion to dismiss or the order thereon.

Now, defendants revive Google's argument based on the limitations-of-liability clause, contending that the sole remaining claim for breach of the implied covenant of good faith and fair dealing is merely a standard contract claim, and not a "willful injury to the person or property of another" within the meaning of Section 1668. (Darnaa, LLC, does not seek to apply the "fraud" or "violation of law" prongs of Section 1668.)[4]

Darnaa, LLC's sole remaining claim, for breach of the implied covenant of good faith and fair dealing, is not a claim for "willful injury to [its] person or property," but rather, "nothing more than a cause of action for breach of contract." *Habitat Trust for Wildlife, Inc. v. City of Rancho Cucamonga*, 175 Cal. App.4th 1306, 1344 (2009). Indeed, in *Food Safety Net Services v. Eco Safe Sys. USA, Inc.*, 209 Cal. App. 4th 1118, 1126 (2012), the California Court of Appeal stated that a limitation-of-liability clause was enforceable with respect to a breach-of-contract claim unless the clause is unconscionable. By contrast, it stated the rule that a limitation-of-liability clause could *not* apply to a claim for fraud and misrepresentation, citing Section 1668.

---

[4] Darnaa, LLC, argues that defendants needed to seek reconsideration on the limitation-of-liability issue. Not so. Defendants' motion responds to the second amended complaint, which "superceded the original complaint and rendered it without legal effect." *Lacey v. Maricopa Cnty.*, 693 F.3d 896, 927 (9th Cir. 2012). Accordingly, revisiting Judge Whyte's statement, in dictum, a superceded pleading, that Section 1668 "may preclude application of" the limitaiton-of-liability clause did not require the formalities of reconsideration. Nor does that dictum constitute the "law of the case."

11

Neither our court of appeals nor the California Court of Appeal has provided any further guidance regarding applying Section 1668 to clauses limiting liability for standard contract claims, but no district court has precluded application of a limitation-of-liability to a general contract claim based on Section 1668. *See, e.g.*, *FiTeq Inc v. Venture Corp.*, 169 F. Supp. 3d 948, 956 (N.D. Cal. 2016) (Judge Beth Freeman); *Peregrine Pharm., Inc. v. Clinical Supplies Mgt., Inc.*, No. 12-1608 JGB ANX, 2014 WL 3791567, at *8 (C.D. Cal. July 31, 2014) (Judge Jesus Bernal); *WeBoost Media S.R.L. v. LookSmart Ltd.*, No. 13-5304, 2014 WL 2621465, at *10 (N.D. Cal. June 12, 2014) (Judge Samuel Conti); *N. Star Gas Co. v. P. Gas and Electric Co.*, No. 15-02575, 2016 WL 5358590, at *16 (N.D. Cal. Sept. 26, 2016) (Judge Haywood Gilliam, Jr.).

Several decisions recognized that Section 1668 could invalidate a limitation-of-liability clause as applied to a contract claim if it insulated the contractor from its own fraud. *NavCom Tech., Inc. v. Oki Electric Indus. Co., Ltd.*, No. 12-04175, 2014 WL 991102, at *9 (N.D. Cal. Mar. 11, 2014) (Judge Edward Davila); *Civic Ctr. Drive Apartments Ltd. Partn. v. S.W. Bell Video Services*, 295 F. Supp. 2d 1091, 1106 (N.D. Cal. 2003) (Judge Joseph Spero). For example, in *Civic Center*, 1668 applied where evidence "could lead to the conclusion that [the plaintiff's] consequential damages resulted from [the defendant's] fraudulent concealment of" its breach of the contract.

That is not our case. Here, Darnaa, LLC, has not alleged that Google acted fraudulently, or that it willfully or intentionally injured Darnaa's person or property. Darnaa, LLC's claims simply stem from Google's interruption of service and resetting the view count on the "Cowgirl" video, which it did pursuant to a term in the agreement (namely, the prohibition of systems that artificially inflate view counts). As pled, this simply states a claim for breach of the implied covenant of good faith and fair dealing, and Section 1668 does not protect such a

claim from the limitation-of-liability clause found in Section 10 of the terms of service agreement. Darnaa's claim, which seeks only damages, is precluded.[5]

In *Lewis v. YouTube, LLC*, 244 Cal. App. 4th 118 (2015), *review denied* (Apr. 13, 2016), decided after Judge Whyte took up this question, the California Court of Appeal held the very same limitation-of-liability clause from the very same agreement applied to bar a cause of action seeking damages for breach of the implied covenant of good faith and fair dealing. There, as here, the plaintiff alleged that YouTube had removed her content, which she used to promote her music, from its service, because she allegedly violated Section 4(H) of the terms of service agreement. (In *Lewis*, the plaintiff was accused of soliciting other users for commercial purposes.) Although *Lewis* did not consider whether Section 1668 applied (neither side raised that issue), it nevertheless lends support to the holding herein, that Section 10 of the terms of service agreement bars claims for breach of the implied covenant under this fact pattern. (The foregoing discussion demonstrates that Section 1668 would not have compelled a different result in *Lewis*.)

This is Darnaa, LLC's third complaint — fourth, counting the complaint filed in Los Angeles — and Darnaa, LLC, has failed to overcome the many hurdles to its case. Plaintiffs have had ample, if not excessive, opportunities to state a viable theory.

## CONCLUSION

For the reasons stated above, defendants' motion to dismiss is **GRANTED**. Judgment will follow.

**IT IS SO ORDERED.**

Dated: February 21, 2017.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

---

[5] To the extent Darnaa, LLC, would seek to recharacterize its contract claim as sounding in tort, the claim only survived the prior motion to dismiss, based on the Communications Decency Act, because Judge Whyte held it did *not* sound in tort. Darnaa, LLC, cannot rescue its claim with this shell game.

13