IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

DARNAA, LLC,

    Plaintiff,

v.

GOOGLE INC. and YOUTUBE, LLC,

    Defendants.

No. C 15-03221 WHA

**ORDER DENYING MOTION TO ALTER THE JUDGMENT**

**INTRODUCTION**

In this action claiming breach of the implied covenant of good faith and fair dealing, judgment has been entered against plaintiff. Plaintiff now moves to alter the judgment pursuant to FRCP 59(e). For the reasons stated below, the motion is **DENIED.**

**STATEMENT**

The facts of this case have been set forth in a prior order and need not be repeated in detail herein (Dkt. No. 79). Briefly, this action involves a dispute about a music video that plaintiff Darnaa, LLC, posted on defendant YouTube, LLC's website and promoted on various platforms such as Internet, print, and radio ads, all in March 2014. Defendant Google Inc. is Darnaa's parent company. Defendants removed the video later that month due to alleged violations of its terms-of-service agreement to which Darnaa indicated its assent upon creating an account with YouTube. Specifically, defendants removed the video because Darnaa allegedly violated the prohibition on using automated systems to artificially inflate video view counts on the YouTube website.

After an order dismissed Darnaa's initial action in Los Angeles County Superior Court pursuant to a forum-selection clause in the terms-of-service agreement, Darnaa filed the instant action against Google in federal court in San Jose, where it was assigned to Judge Ronald Whyte. Judge Whyte twice dismissed Darnaa's complaint, each time with leave to amend (Dkt. No. 56; Dkt. No. 26). The first amended complaint added YouTube as a defendant (Dkt. No. 29).

In November 2016, upon Judge Whyte's retirement, the action was reassigned to the undersigned. Less than two weeks later, Darnaa moved for partial reconsideration of Judge Whyte's decision (both initially and upon a prior request for reconsideration) that various provisions in the YouTube terms-of-service agreement could be enforced (Dkt. No. 59). (Darnaa contended those provisions were unconscionable.) An order denied Darnaa's request for leave to move for partial reconsideration of the ruling "twice stated by Judge Whyte" (Dkt. No. 60).

Shortly thereafter, Darnaa filed its second amended complaint, asserting a single claim for breach of the covenant of good faith and fair dealing (Dkt. No. 62). Defendants moved to dismiss, contending, *inter alia*, that a limitation-of-liability clause in the terms-of-service agreement precluded Darnaa's sole surviving claim. The provision at issue stated, in pertinent part "in no event shall YouTube . . . be liable to [Darnaa] for any direct, indirect, incidental, special, punitive, or consequential damages resulting from . . . any interruption or cessation of transmission to or from [YouTube's] services" (Second Amd. Compl., Exh. 1 § 10) (original in all caps).

Darnaa contended that limitation-of-liability provision could not be enforced under California Civil Code Section 1668, which provides "all contracts which have for their objective, directly or indirectly, to exempt anyone from responsibility for his own fraud, or willful injury to the person or property of another, or violation of law, whether willful or negligent, are against the policy of the law" and unenforceable.

After full briefing and oral argument, an order dismissed the complaint on that theory, without leave to amend (Dkt. No. 79). Judgment followed (Dkt. No. 80).

2

Darnaa now moves to alter the judgment pursuant to FRCP 59(e). This order follows full briefing and oral argument.

**ANALYSIS**

Pursuant to FRCP 59(e), a motion to alter the judgment can only be granted if the district court is presented with newly discovered evidence, the district court committed clear error, or if there is an intervening change of law. *Ybarra v. McDaniel*, 656 F.3d 984, 998 (9th Cir. 2011). The court of appeals will find clear error only upon "a definite and firm conviction that a mistake has been committed." *United States v. Ruiz-Gaxiola*, 623 F.3d 684, 693 (9th Cir. 2010). If a court "got the law right" and "did not clearly err in its factual determinations," then clear error was not committed — even if another reasonable judicial body "would have arrived at a different result." *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1331 (9th Cir. 2011). Here, Darnaa claims the order dismissing its second amended complaint erroneously declined to apply Section 1668 to its claim for breach of the implied covenant of good faith and fair dealing.

The order dismissing Darnaa's claims cited binding and persuasive California law in holding (1) that a breach of the implied covenant of good faith and fair dealing is "nothing more than a cause of action for breach of contract" and (2) that Section 1668, by its own terms, only applies to a contract claim when the contract in question is unconscionable or insulates the contractor from its own fraud. *Food Safety Net Services v. Eco Safe Sys. USA, Inc.*, 209 Cal. App. 4th 1118, 1126 (2012); *Habitat Trust Wildfire, Inc. v. City of Rancho Cucamonga*, 175 Cal. App. 4th 1306, 1344 (2009).

Each and every argument that Darnaa now raises could have been raised in response to Google's prior motion to dismiss, and most *were* so raised. Darnaa's motion could be denied for that reason alone. Nevertheless, this order considers Darnaa's primary argument on the merits and reaffirms holding of the previous order.[*]

---

[*] This order does not address several of Darnaa's weakest arguments. This order declines Darnaa's *fourth* invitation to reconsider the rejection of the argument that the limitation-of-liability clause is unconscionable or its dispute with clear and binding California case law — discussed in the prior order and on the briefing on the prior motion — interpreting Section 1668 as applying to contract claims only where the

3

Darnaa argues that Section 1668 should apply to preserve its complaint notwithstanding that the sole claim is for breach of the implied covenant — a contract theory — because its complaint includes "all allegations necessary to establish a claim for intentional interference with prospective economic advantage," though it does not expressly plead that claim. Thus, Darnaa argues, to preclude this claim on the basis of the limitation-of-liability claim would insulate defendants from liability their own intentional torts, which Darnaa contends is equivalent to insulating it from fraud.

Darnaa's characterization of its complaint as containing an unpled intentional tort claim is disingenuous. The complaint formerly *included* such a claim, but Judge Whyte held it was precluded by Section 230(c)(1) of the Communications Decency Act because it sought "to hold defendants liable for 'an action that is quintessentially that of a publisher,' regardless of defendants' alleged motive" (Dkt. No. 56 at 13) (quoting *Barnes v. Yahoo!, Inc.*, 570 F.3d 1096, 1003 (9th Cir. 2009), as amended (Sept. 28, 2009)). Indeed, Judge Whyte allowed Darnaa to replead its claim for breach of the implied covenant because "the source of defendants' alleged liability [was] different" from that of their intentional tort claim inasmuch as it addressed their *contractual* obligation.

Darnaa now seeks to analogize our case to *NavCom Tech., Inc. v. Oki Electric Indus. Co., Ltd.*, No. 12-04175, 2014 WL 991102 (N.D. Cal. Mar. 11, 2014) (Judge Edward Davila), and *Civic Ctr. Drive Apartments Ltd. Partn. v. S.W. Bell Video Services*, 295 F. Supp. 2d 1091, 1106 (N.D. Cal. 2003) (Judge Joseph Spero) — two decisions it failed to address in its opposition to Google's motion, but which were addressed and distinguished in the order dismissing the second amended complaint. Darnaa's arguments fall flat.

*Civic Center* involved allegations that the defendant fraudulently concealed its failure to perform its duties under the contract (not merely *that* it failed to adequately perform) and held that the resulting contract claim warranted the protection of Section 1668. *NavCom* involved

---

clause is unconscionable or exempts the contracting party from liability from its own fraud. *See Food Safety Net*, 209 Cal. App. 4th at 1126. Additionally, Darnaa is simply incorrect in its assertion that a breach of contract constitutes a violation of statutory law warranting application of Section 1668. *Smith v. Wells Fargo Bank, N.A.*, 135 Cal. App. 4th 1463, 1484 (2005).

4

allegations of fraudulent inducement of the underlying contract, though Section 1668 did *not* apply because the plaintiffs continued to perform under the contract even after discovering the fraud, thereby waiving any claim based thereon.

Here, Darnaa's damages, if any, stemmed purely from defendants' performance under the contract, whether or not defendants intended any failure of performance. Indeed, Darnaa specifically limits its theory of recovery to contract damages. (As stated, Darnaa's contract claim *only* survived before Judge Whyte because Darnaa disclaimed any characterization of that claim as sounding in tort.) This allegation of a simple breach of contract, even if intentional, is simply not the kind of fraudulent conduct that Section 1668 precludes from insulation.

Plaintiffs fail to point to any persuasive authority in support of their position, much less authority demonstrating the manifest error necessary to support their motion at this posture. Perhaps regrettably, plaintiff has found itself caught between the rock of the limitations-of-liability clause in defendants' terms-of-service agreement and the hard place of the Communications Decency Act; but that risk was apparent when Darnaa elected to rely on a *free* video-hosting platform as the foundation for its extensive promotional campaign.

This case is ready for the court of appeals.

## CONCLUSION

For the foregoing reasons, plaintiff's motion is **DENIED**. On appeal, please be candid about what points were made after judgment.

**IT IS SO ORDERED.**

Dated: May 16, 2017.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE